**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1009
_____

In re: TROPICANA ENTERTAINMENT, LLC,
Debtor

LIGHTSWAY LITIGATION SERVICES, LLC, as Trustee of Tropicana
Litigation Trust,
Appellant

v.

WILLIAM J. YUNG, III; WIMAR TAHOE CORPORATION f/k/a Tropicana
Casinos and Resorts, Inc.; COLUMBIA SUSSEX CORPORATION

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:23-cv-00959)
District Judge: Honorable Colm F. Connolly
_____

Submitted under Third Circuit L.A.R. 34.1(a)
December 8, 2025

Before: KRAUSE, PHIPPS, and CHUNG, *Circuit Judges*

(Filed: December 23, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Lightsway Litigation Services, LLC appeals the Bankruptcy Court's dismissal of its contract claims against Wimar Tahoe Corporation and the Columbia Sussex Corporation (CSC). Discerning no error, we will affirm.

## I. DISCUSSION[1]

On appeal, Lightsway argues that the Bankruptcy and District Courts erred in (1) failing to give preclusive effect to the findings of the New Jersey Casino Control Commission, and (2) concluding that Lightsway had failed to prove damages. We begin and end with the first argument because we see no error in the Bankruptcy Court's decision to deny the Commission's findings preclusive effect.

Under New Jersey law,[2] issue preclusion applies when:

(1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

---

[1] The Bankruptcy Court's jurisdiction derived from 28 U.S.C. § 157(b)(2)(B). The District Court had jurisdiction under 28 U.S.C. § 158(a)(1), and we have jurisdiction under 28 U.S.C. § 158(d)(1). We review the Bankruptcy Court's factual findings for clear error and exercise plenary review over legal issues. *In re Emoral, Inc.*, 740 F.3d 875, 879 (3d Cir. 2014). Whether issue preclusion applies is a legal question subject to *de novo* review. *Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55, 61 (3d Cir. 2023).

[2] We apply New Jersey preclusion law because Lightsway asks that we give the decision of a New Jersey administrative agency preclusive effect. *See Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 357 (3d Cir. 1999).

*Olivieri v. Y.M.F. Carpet, Inc.*, 897 A.2d 1003, 1009 (N.J. 2006) (quoting *In re Est. of Dawson*, 641 A.2d 1026, 1034-35 (N.J. 1994)).

But Lightsway stumbles on the first element because "issues are not identical if the second action involves application of a different legal standard," *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 154 (2015) (citation modified), including when the proceedings employ different burdens of proof, *see Kroy IP Holdings, LLC v. Groupon, Inc.*, 127 F.4th 1376, 1380 (Fed. Cir. 2025).  Specifically, when "[t]he party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action" or when "the burden has shifted to his adversary," issue preclusion is inappropriate.  Restatement (Second) of Judgments § 28(4) (A.L.I. 1982); *see also In re Coruzzi*, 472 A.2d 546, 552 (N.J. 1984).

That is the case here.  In the proceeding before the Commission, Wimar Tahoe had the burden to show that it was entitled to a casino license "by clear and convincing evidence."[3]  J.A. 3676 (quoting N.J. Stat. Ann. § 5:12-86a).  But, in the contract action before the Bankruptcy Court, Lightsway—not Wimar Tahoe—bore the burden, and it needed to establish each element by a preponderance of the evidence.  Thus, precluding

---

[3] Lightsway contends that it was the Commission that had the burden of "establish[ing] by a preponderance of evidence" that an applicant is unqualified.  Opening Br. 36.  But Lightsway points to the standard for disqualifying a licensee or for suspending a license, not the standard for granting an application.  Indeed, "[a]n *applicant* . . . shall have the affirmative obligation to establish by clear and convincing evidence satisfaction of the applicable affirmative standards."  N.J. Admin. Code § 19:42A-3.1 (emphasis added).  In any event, the Commission itself stated that Tropicana bore the burden of proving "by clear and convincing evidence" that it was entitled to licensure.  J.A. 3676.

Wimar Tahoe and CSC from relitigating issues found by the Commission would "be both unfair and illogical" because it would wrongly assume "that the losing party in the first action would also have lost" under the burden in the second. *O'Shea v. Amoco Oil Co.*, 886 F.2d 584, 593-94 (3d Cir. 1989) (citation modified).

Lightsway resists this conclusion, urging that the burden of proof is irrelevant because "the [Commission] affirmatively found misconduct, as opposed to denying the license . . . because of Appellees' failure to" carry their burden. Opening Br. 36-37. But Lightsway does not cite any authority for this argument, and it is foreclosed by New Jersey law. *See, e.g.*, *L.T. v. F.M.*, 102 A.3d 398, 404-05 (N.J. Super. Ct. App. Div. 2014); *see also In re Coruzzi*, 472 A.2d at 552 ("[A] judge, held liable in a civil or administrative proceeding under facts found by a preponderance of the evidence, [should not] be foreclosed from challenging those facts in a removal action where the same facts have to be established beyond a reasonable doubt.").

Notwithstanding the difference in evidentiary standards and which party bore the burden, it is also not the case "that the same general legal rules govern both cases and that the facts of both cases are indistinguishable as measured by those rules." *Suppan v. Dadonna*, 203 F.3d 228, 233 (3d Cir. 2000) (citation modified). On one hand, the Commission considered whether Wimar Tahoe was entitled to a casino license under state law and considered a range of factors, including Wimar Tahoe's integrity and financial stability, in doing so. The Bankruptcy Court, on the other hand, considered

4

whether Wimar Tahoe and CSC breached their service contracts. Those issues, too, are plainly substantively different.[4]

Finally, Lightsway attempts to establish identity of issues by arguing that it seeks only to preclude Wimar Tahoe and CSC from litigating the Commission's findings of fact, not the Commission's legal conclusions. But, even granting this framing, Lightsway fails to explain why the evidentiary facts it seeks to preclude were "essential" to the Commission's judgment. *See State v. Leibowitz*, 123 A.2d 526, 530 (N.J. 1956).

## II. CONCLUSION

For the foregoing reasons, we will affirm.

---

[4] Lightsway also argues that, during the Commission proceedings, "Wimar acknowledged that it had violated the requirement to timely establish an independent audit committee." Reply Br. 13. Yet, in contrast to the Commission proceedings, the issue in the Bankruptcy Court was not whether Wimar Tahoe failed to timely set up an audit committee; only whether that failure was *reasonable*.